UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EVERGREEN INTERNATIONAL, INC.**, an Illinois corporation, and **BORZYNSKI BROS. DISTRIBUTING, INC.**, a Wisconsin corporation,<br><br>　　Plaintiffs,<br><br>　　vs.<br><br>**NICHOLAS HARISIADIS**, an individual, and **ERROL SUKRU**, an individual,<br><br>　　Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>`FILED: APRIL 25, 2008`<br>`08CV2350 EDA`<br>`JUDGE SHADUR`<br>`MAGISTRATE JUDGE DENLOW` |

For their complaint, Plaintiffs respectfully state as follows:

## THE PARTIES

1.　Plaintiffs are:

　　a)　Evergreen International, Inc. ("Evergreen"), an Illinois corporation with its principal place of business located at 2404 S. Wolcott Avenue, Units 8 & 9, Chicago, Illinois.

　　b)　Borzynski Bros. Distributing, Inc. ("Borzynski"), a Wisconsin corporation with its principal place of business located at 10508 Kraut Rd., Franksville, Wisconsin.

2.　Plaintiffs are engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

3. Defendants are:

    a) Nicholas Harisiadis ("Harisiadis"). Upon information and belief, Harisiadis is a director and officer of SFIROS, Inc. d/b/a Nat's Garden Produce & Taterman ("Nat's Garden"), and in that capacity, controlled or was in a position to control the assets of Nat's Garden. Upon information and belief, Harisiadis is a residence of Hanover Park, Illinois.

    b) Errol Sukru ("Sukru"). Upon information and belief, Sukru is a director and officer of Nat's Garden, and in that capacity, controlled or was in a position to control the assets of Nat's Garden. Upon information and belief, Sukru is a residence of Chicago, Illinois.

## JURISDICTION AND VENUE

4. The District Court has jurisdiction over this civil action arising under §5(c)(4) of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499e(c)(4) (the "PACA"), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiffs' other claims pursuant to 28 U.S.C. §1367(a).

5. Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims

occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district.

## GENERAL ALLEGATIONS

6.  At all times relevant to this action, Nat's Garden was a commission merchant, dealer or broker operating subject to the provisions of PACA.

7.  Plaintiffs sold Produce to Nat's Garden in interstate commerce in the total amount of $7,726.25, calculated as follows:

| PLAINTIFF | DATE RANGE | CLAIM AMOUNT |
|---|---|---|
| Evergreen | December 5, 2007 – January 31, 2008 | $ 4,375.00 |
| Borzynski | January 5, 2008 | $ 3,351.25 |

8.  Plaintiffs delivered the Produce to Nat's Garden and Nat's Garden accepted the Produce from Plaintiffs.

9.  Pursuant to PACA, 7 U.S.C. §499e(c), at the time of Nat's Garden's receipt of the Produce, Nat's Garden became a trustee of the PACA trust for the benefit of Plaintiffs in the amount of $7,726.25. The PACA trust consists of all Nat's Garden's inventories of Produce, food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets").

10. Plaintiffs gave written notice of intent to preserve trust benefits to Nat's Garden in accordance with the PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices and by sending those invoices to Nat's Garden, or in accordance with 7 U.S.C. §499e(c)(3) by sending notices of intent to preserve trust benefits to Nat's Garden.

11. Nat's Garden failed to pay for the Produce despite Plaintiffs' repeated demands.

12. Pursuant to PACA 7 U.S.C. §499e(c), Plaintiffs are unpaid suppliers and sellers of Produce, and are entitled to PACA trust protection and payment from Nat's Garden's PACA Trust Assets.

13. On February 8, 2008, Nat's Garden Produce filed a Petition for relief under Chapter 7 of the Bankruptcy Code with the U.S. Bankruptcy Court for the Northern District of Illinois, indexed as Case No. 08-2918.

## CLAIMS FOR RELIEF

### COUNT I

### DEFENDANTS HARISIADIS AND SUKRU

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

14. Plaintiffs re-allege paragraphs 1 through 13.

15. At all times relevant to this action, Harisiadis and Sukru were officers, directors, shareholders, or employees (the "Principals") of Nat's

Garden.

16.     Harisiadis and Sukru each had a duty to ensure that Nat's Garden fulfilled its duties as a PACA trustee, and maintain PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient PACA Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiffs, as they became due.

17.     Harisiadis and Sukru each had full knowledge and responsibility for the handling of Nat's Garden's duties as trustees of the PACA trust.

18.     Harisiadis and Sukru controlled or had a duty to control Nat's Garden's operations and financial dealings, including those involving the PACA Trust Assets.

19.     Nat's Garden breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

20.     Harisiadis and Sukru breached their respective fiduciary duties to direct Nat's Garden to fulfill its duties as PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiffs for the Produce supplied to Nat's Garden.

21.     As a direct result of the breaches of fiduciary duties by Harisiadis and Sukru, Plaintiffs have incurred damages in the amount of $7,726.25, plus interest from the date each invoice became past due, costs and

attorneys' fees.

22. Harisiadis and Sukru are personally liable to Plaintiffs for their breaches of fiduciary duties in dissipating the PACA trust to the extent of $7,726.25, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets.

23. Accordingly, Plaintiffs seek entry of an Order entering judgment in favor of Plaintiffs and against Harisiadis and Sukru - - jointly and severally - - in the amount of $7,726.25, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets.

## COUNT II

### DEFENDANTS – HARISIADIS AND SUKRU

### CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

24. Plaintiffs re-allege paragraphs 1 through 23.

25. Upon information and belief, Nat's Garden transferred PACA Trust Assets to Harisiadis and Sukru.

26. These transfers of PACA Trust Assets were made in breach of the PACA trust.

27. Harisiadis and Sukru continue to hold any and all PACA Trust

Assets having come into their individual possession as trustees for Plaintiffs' beneficial interest in the PACA trust.

28. As a direct result of Harisiadis' and Sukru's receipt and retention of PACA Trust Assets, Plaintiffs have incurred damages in the amount of $7,726.25, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets.

29. Accordingly, Plaintiffs seek entry of an Order requiring Harisiadis and Sukru to disgorge and transfer any and all PACA Trust Assets that come into their possession and control to Plaintiffs to the extent of $7,726.25, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiffs receive from the PACA Trust Assets.

## COUNT III

## DEFENDANTS – HARISIADIS AND SUKRU

## FRAUDULENT TRANSFER

§740 ILCS 160/1, *et. seq.* (2007)

30. Plaintiffs re-allege paragraphs 1 through 29.

31. Upon information and belief, Nat's Garden transferred assets to Harisiadis, Sukru, and to other unknown third parties.

32. These transfers were made after the claims of Plaintiffs and other

PACA trust beneficiaries arose.

33.  These transfers were made to or for the benefit of insiders of Nat's Garden on antecedent debts and were made without consideration.

34.  Nat's Garden was insolvent at the time of these transfers.

35.  At the time of these transfers, the recipients had reasonable cause to believe that Nat's Garden was insolvent.

36.  These transfers were fraudulent transfers as proscribed by Illinois' Uniform Fraudulent Transfers Act, §740 ILCS 160/1, *et. seq.* (2007).

37.  Accordingly, Plaintiffs seek entry of an Order avoiding the transfers, as provided by §740 ILCS 160/8, ordering the recipients to disgorge and transfer any and all such amounts to Plaintiffs to the extent of $7,726.25, plus interest from the date each invoice became past due, costs, attorneys' fees, and awarding punitive damages to be determined by the trier of fact, less any monies Plaintiffs receives from the PACA Trust Assets.

**FOR THESE REASONS,** Plaintiffs respectfully request the entry of an Order providing as follows:

A)  As to Count I, entering judgment in favor of Plaintiffs and against Harisiadis and Sukru - - jointly and severally - - in the amount of $7,726.25, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets;

B)  As to Count II, requiring Harisiadis and Sukru to disgorge and transfer any and all PACA Trust Assets that came into their possession and control to Plaintiffs in the amount of $7,726.25,

plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiffs receive from the PACA Trust Assets;

C)   As to Count III, pursuant to §740 ILCS 160/8, avoiding the transfers and ordering the recipients to disgorge and transfer any and all such amounts to Plaintiffs in the amount of $7,726.25, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiffs receive from the PACA Trust Assets; and

D)   Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Respectfully submitted on this 25th day of April, 2008.

**MEUERS LAW FIRM, P.L.**

By:  /s/ Steven M. De Falco
Steven M. De Falco, Esq.
Ill. Bar No. 6281265/
Fla. Bar No. 0733571
5395 Park Central Court
Naples, FL  34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
sdefalco@meuerslawfirm.com

Attorneys for Plaintiffs