UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVERGREEN INTERNATIONAL, INC., et al.,<br><br>**Plaintiffs,**<br><br>vs.<br><br>NICHOLAS HARISIADIS, et al.,<br><br>**Defendants.** | Case No.: 08 C 2350 |

**MEMORANDUM IN SUPPORT OF JOINDER OF PLAINTIFFS' CLAIMS AGAINST DEFENDANTS**

Pursuant to this Court's April 28, 2008 Memorandum Order, Plaintiffs, Evergreen International, Inc. and Borzynski Bros. Distributing, Inc., jointly file this, their Memorandum in Support of Joinder of Plaintiffs' Claims against Defendants. In support of their Memorandum, Plaintiffs state the following:

### I.   FACTUAL BACKGROUND

Between December 5, 2007 and January 31, 2008, Plaintiffs sold perishable agricultural commodities ("Produce") to SFIROS, Inc. d/b/a Nat's Garden Produce & Taterman ("Nat's Garden") in the sum of $7,726.25.[1] Nat's Garden was a company whose business involved the purchase and re-sale of fresh and frozen fruits and vegetables under the Perishable Agricultural Commodities Act ("PACA")[2], and held PACA license number 19920492.[3] Defendants, Nicholas

---

[1] Civil Action Complaint, ¶7.
[2] Civil Action Complaint, ¶6.
[3] A copy of Nat's Garden's PACA License is attached as Exhibit "A."

Harisiadis ("Harisiadis") and Errol Sukru ("Sukru"), were officers, directors, shareholders, or employees of Nat's Garden.[4]

On February 8, 2008, Nat's Garden filed a Petition for relief under Chapter 7 of the Bankruptcy Code with the U.S. Bankruptcy Court for the Northern District of Illinois, indexed as Case No. 08-2918.[5] Plaintiffs initiated this action on April 25, 2008 to enforce their rights as PACA trust beneficiaries against Harisiadis and Sukru, and to assert the following claims:

| | | |
|---|---|---|
| Count I | …………………………. | Breach of Fiduciary Duty to PACA Trust Beneficiaries |
| Count II | …………………………. | Conversion and Unlawful Retention of PACA Trust Assets |
| Count III | …………………………. | Fraudulent Transfer |

This Court issued its Memorandum Order on April 28, 2008, requesting that Plaintiffs either file this Memorandum supporting joinder of their claims against Defendants or dismiss one Plaintiff from this suit and file a separate action against Defendants.[6]

For the reasons discussed below, Plaintiffs request this Court permit joinder of their claims against Defendants in this action.

## II.    PERMISSIVE JOINDER STANDARD

Fed. R. Civ. P. 20(a) provides in relevant part:

> (a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same

---

[4] Civil Action Complaint, ¶15; See also, Nat's Garden's PACA License.
[5] Civil Action Complaint, ¶13.
[6] Docket No. 10.

> transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. . . .

To join Plaintiffs in one action, two requirements must be met:

(1) The right to relief asserted by each Plaintiff must arise out of the same transaction, occurrence, or series of transactions or occurrences, and

(2) A question of law or fact common to all Plaintiffs will arise in the action.[7]

Permissive joinder falls within the Court's sound discretion and is to be liberally granted; "under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."[8] Additionally, the purpose is to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple law suits."[9]

## A. A logical relationship exists between Plaintiffs and their right to relief arising from the duties imposed upon Defendants under PACA and Plaintiffs' right to a pro-rata share of the PACA trust assets of Nat's Garden.

Courts generally apply a case-by-case approach in determining whether a particular factual situation meets the same transaction or occurrence test. It has been held that the test follows Federal Rule of Civil Procedure 13(a) under which "the term "transaction" has a flexible meaning, which may include a series of many occurrences, related not so much by their immediate connection as by their

---

[7] Fed. R. Civ. P. 20(a); Harris v. Spellman, 150 F.R.D. 130, 131 (N.D. Ill. 1993).
[8] United Mine Workers of Am. V. Gibbs, 383 U.S. 715, 724 (1966).
[9] Miller v. Hygrade Food Prods. Corp., 202 F.R.D. 142, 144 (E.D. Pa. 2001).

logical relationship."[10]  There is no formula to determine whether suits are logically related; however, courts tend to consider "the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds" in making such a determination.[11]

In this case, the nature of the claims, the law, and the factual backgrounds demonstrate that Plaintiffs' claims satisfy the logical relationship test.

> 1. *Plaintiffs' claims arose from Defendants' failure to ensure Nat's Garden fulfilled its duties as PACA trustee.*

Count I of Plaintiffs' Complaint alleges that Defendants breached their PACA trust duties when they failed to ensure that Nat's Garden maintained sufficient PACA trust assets to pay Plaintiffs' claims in full.  Plaintiffs' right to relief under this count arises from Plaintiffs' relationship as PACA trust beneficiaries of Nat's Garden and Defendants' fiduciary duties under PACA to them.

As trustee of the PACA trust, Nat's Garden had a duty to pay promptly, and to maintain sufficient PACA trust assets in trust until full payment was made to Plaintiffs.[12]  Failure of Nat's Garden to pay Plaintiffs' claims in full may result in Defendants being held personally liable if they had some role in causing

---

[10] Directv, Inc. v. Delaney, 2003 U.S. LEXIS 24252 (N.D. Ill. 2003).
[11] Burlington Northern R.R. Co. v. Strong, 907 F.2d 707, 711 (7th Cir. 1990); Hartford Steam Boiler Inspection & Ins. Co. v. Quantum Chem. Corp., 1994 U.S. Dist. LEXIS 12716 (N.D. Ill.1994).
[12] 7 U.S.C. §499b(4) and 7 C.F.R. §46.46(d)(1).

Nat's Garden's breach of its PACA trust duties.[13] This unique feature of personal liability under PACA accomplishes Congress' goal when it enacted PACA in 1930 – ensuring that full payment is received by suppliers and sellers of Produce.[14]

By virtue of filing for bankruptcy protection, Nat's Garden has admitted that it has failed in its statutory duties to pay promptly and to maintain sufficient assets to pay Plaintiffs' claims in full. Because Courts recognize that "a corporation can act only through its agents and can thus fulfill fiduciary obligations only through its agents," Defendants may be personally liable for Plaintiffs' claims if they were in a position to control the PACA trust assets of Nat's Garden.[15] Thus, Plaintiffs' claims against Defendants will depend not on the date of their claims; rather, whether Defendants' actions constitute a breach of their fiduciary duties to Plaintiffs under PACA.

While the Court correctly observed that the transactions at issue did not arise at the same time, a logical relationship exists between Plaintiffs and their claims against Defendants. Plaintiffs are PACA trust beneficiaries of Nat's Garden, Defendants are trustees of Nat's Garden's PACA trust assets, and PACA governs the transactions at issue. Considering this undisputed fact, Plaintiffs

---

[13] See, Weis-Buy Services, Inc. et al. v. August J. Scolio, Jr., 411 F.3d 415, 421 (3rd Cir. 2005) (reversed on other grounds); Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997).
[14] 1984 U.S. Code Cong. & Admin. News 406; See also, Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154, 159 (11th Cir. 1990) ("... the central purpose of Section 499e(c) is to ensure payment to trust beneficiaries.").
[15] Sunkist Growers, Inc. v. Fisher, 104 F. 3d 280, 283 (9th Cir. 1997).

submit that the interests of judicial economy and consistency of rulings require a single forum for the determination of Defendants' breach of their fiduciary duties to Plaintiffs.

    2.    *Plaintiffs are entitled to share in the PACA trust assets in Defendants' possession.*

Count II of Plaintiffs' Complaint alleges that Defendants converted and unlawfully retained PACA trust assets of Nat's Garden for their personal benefit.

As trust beneficiaries of Nat's Garden, Plaintiffs possess identical rights to payment from the PACA trust assets of Nat's Garden.[16] If PACA trust assets are recovered from Defendants, such as the proceeds from the warehouse from which Nat's Garden operated from, Plaintiffs are entitled to participate in at least an equitable *pro-rata* distribution with each other.[17] This is in furtherance of general trust law, which states each beneficiary is in a fiduciary relationship with others so that one beneficiary may not secretly secure for himself a special advantage in the trust administration.[18] Since one Plaintiff cannot ensure itself a greater *pro-rata* distribution should the other Plaintiff not enter this action, Plaintiffs' interests would not be adequately represented in separate lawsuits, and thereby prejudiced, if they are not permitted to join their claims in one forum.

//

---

[16] Frio Ice S.A., 918 F.2d at 159.
[17] See, In re Milton Poulos, Inc., 107 B.R. 715 (B.A.P. 9th Cir. 1989); J.R. Brooks & Sons, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bankr. N.D. Fla. 1989); In re United Fruit and Produce, 86 B.R. 14. (Bankr. D. Conn. 1988).
[18] Fresh Kist Produce, LLC v. Choi Corporation, Inc., 223 F.Supp.2d 1, 3 (D.D.C. 2002).

**B.    Joinder should be permitted because Plaintiffs' claims have questions of law and fact in common.**

Plaintiffs' claims have questions of law and fact in common. The common question of law involves Plaintiffs' rights and interests in the PACA trust assets. For instance, Plaintiffs have an interest in tracing trust assets, which have wrongfully left Nat's Garden (e.g. payments to Defendants) or have taken on another form (e. g. payment of Defendants' mortgage on the warehouse from which Nat's Garden operated from). The common question of fact involves Defendants' roles in the dissipation of the PACA trust assets of Nat's Garden, for which Plaintiffs are entitled to payment on a *pro-rata* basis. Thus, the desire for judicial economy is furthered by having the Plaintiffs' claims joined in one proceeding.

Neither Plaintiffs nor Defendants will be unduly prejudiced by a single forum addressing the common questions of law and fact. To date, the Complaint and Summons have yet to be served, and there have been no hearings or determinations made as to the scope of the trust or Defendants' breach of their fiduciary duties under PACA. Plaintiffs assert that the joinder of their claims will not cause undue delay, and in fact will expedite finality as to all claims.

### III.    CONCLUSION

FOR THESE REASONS, Plaintiffs submit that they have met the logical relationship and commonality tests under Fed. R. Civ. P. 20(a). Therefore, Evergreen International, Inc. and Borzynski Bros. Distributing, Inc. respectfully

request this Court to permit joinder of their claims in this action, and for such other and further relief as this Court deems appropriate upon consideration of this matter.

Respectfully submitted on this 9th day of May, 2008.

**MEUERS LAW FIRM, P.L.**

By: /s/ Steven M. De Falco
Steven M. De Falco, Esq.
Ill. Bar No. 6281265/
Fla. Bar No. 0733571
5395 Park Central Court
Naples, FL   34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
sdefalco@meuerslawfirm.com

Attorneys for Plaintiffs

# Exhibit "A"

**Fruit and Vegetable Programs**

# Search PACA

*Search Again*     *Go Back to the previous page*

| License No. | Date Issued | Anniversary Date | Status |
|---|---|---|---|
| 19920492 | 1/7/1992 | 1/7/2009 | Acitve |
| **Business Name** | | **City** | **State** |
| SFIROS INC | | CHICAGO | IL |

**Reported Principal (Last Name, First Name)**

HARISIADIS, NICHOLAS
SUKRU, ERROL

**Trade Names**

NAT'S GARDEN PRODUCE & TATER MAN
NAT'S GARDEN & TATER-MAN PRODUCE
NATS GARDEN AND TATER MAN PRODUCE

**Branch Name , Branch City , Branch State**   None

Return to: Perishable Agricultural Commodities Act (PACA)