```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

EVERGREEN INTERNATIONAL, INC.,    )
et al.,                           )
                                  )
               Plaintiffs,        )
                                  )
     v.                           )    No.  08 C 2350
                                  )
NICHOLAS HARISIADIS, et al.,      )
                                  )
               Defendants.        )
```

MEMORANDUM ORDER

In response to this Court's brief April 28, 2008 memorandum order ("Order"), Evergreen International, Inc. ("Evergreen") and Borzynski Bros. Distributing, Inc. ("Borzynski") have filed a Memorandum in Support of Joinder of Plaintiffs' Claims Against Defendants. But that filing actually underscores the need for Evergreen and Borzynski to file separate actions, rather than a single action, charging defendants with violations of the Perishable Agricultural Commodities Act ("PACA").

As both the Order and the responsive memorandum reflect, permissive joinder under Fed. R. Civ. P. 20(a) requires that Evergreen's and Borzynski's sales to the now bankrupt Nat's Garden must have "aris[en] out of the same transaction, occurrence, or series of transactions or occurrences." But that was not really the case--instead each had its own series of transactions with Nat's Garden, quite independently of the other. And that being so, each must invest a separate $350 filing fee in its PACA-based action against the two individuals who were

assertedly the principals in Nat's Garden.

To be sure, if each plaintiff is successful in its action, they may be competing in their efforts at recovery, and it may be that they will opt to pursue recovery together as a matter of comity.[1]  That however does not alter the separateness of the two claims (though they assert a breach of the same statute).

Accordingly this Court renews its directive in the Order that one or the other of Evergreen and Borzynski must be dismissed from this action without prejudice.  No change will be made in the previously-scheduled June 12 status hearing, which will proceed with the plaintiff that remains in the case.

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date:  May 13, 2008

---

[1]  If the individual defendants lack sufficient assets to satisfy both claims, the present counsel for Evergreen and Borzynski might well have a conflict of interest that would preclude such dual representation.