UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EVERGREEN INTERNATIONAL, INC.**, an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**NICHOLAS HARISIADIS**, an individual, and **ERROL SUKRU**, an individual,<br><br>Defendants. | Case No.: 08 C 2350 |

**FIRST AMENDED COMPLAINT**

For its complaint, Plaintiff respectfully states as follows:

**THE PARTIES**

1. Plaintiff is Evergreen International, Inc. ("Evergreen"), an Illinois corporation with its principal place of business located at 2404 S. Wolcott Avenue, Units 8 & 9, Chicago, Illinois.

2. Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

3. Defendants are:

   a) Nicholas Harisiadis ("Harisiadis"). Upon information and belief, Harisiadis is a director and officer of SFIROS, Inc. d/b/a Nat's Garden Produce & Taterman ("Nat's

Garden"), and in that capacity, controlled or was in a position to control the assets of Nat's Garden. Upon information and belief, Harisiadis is a resident of Hanover Park, Illinois.

b)  Errol Sukru ("Sukru"). Upon information and belief, Sukru is a director and officer of Nat's Garden, and in that capacity, controlled or was in a position to control the assets of Nat's Garden. Upon information and belief, Sukru is a resident of Chicago, Illinois.

## JURISDICTION AND VENUE

4. The District Court has jurisdiction over this civil action arising under §5(c)(4) of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499e(c)(4) (the "PACA"), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

5. Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district.

## GENERAL ALLEGATIONS

6. At all times relevant to this action, Nat's Garden was a

commission merchant, dealer or broker operating subject to the provisions of PACA.

7. Between December 5, 2007 and January 31, 2008, Plaintiff sold Produce to Nat's Garden in interstate commerce in the total amount of $4,375.00.

8. Plaintiff delivered the Produce to Nat's Garden and Nat's Garden accepted the Produce from Plaintiff.

9. Pursuant to PACA, 7 U.S.C. §499e(c), at the time of Nat's Garden's receipt of the Produce, Nat's Garden became a trustee of the PACA trust for the benefit of Plaintiff in the amount of $4,375.00. The PACA trust consists of all Nat's Garden's inventories of Produce, food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets").

10. Plaintiff gave written notice of intent to preserve trust benefits to Nat's Garden in accordance with the PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices and by sending those invoices to Nat's Garden.

11. Nat's Garden failed to pay for the Produce despite Plaintiff's repeated demands.

12.　　Pursuant to PACA 7 U.S.C. §499e(c), Plaintiff is an unpaid supplier and seller of Produce, and is entitled to PACA trust protection and payment from Nat's Garden's PACA Trust Assets.

13.　　On February 8, 2008, Nat's Garden Produce filed a Petition for relief under Chapter 7 of the Bankruptcy Code with the U.S. Bankruptcy Court for the Northern District of Illinois, indexed as Case No. 08-2918, thereby prohibiting any action against Nat's Garden pursuant to 11 U.S.C. §362(a). The automatic stay does not prohibit further action against Defendants.

## CLAIMS FOR RELIEF

## COUNT I

## DEFENDANTS HARISIADIS AND SUKRU

## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

14.　　Plaintiff re-alleges paragraphs 1 through 13.

15.　　At all times relevant to this action, Harisiadis and Sukru were officers, directors, shareholders, or employees (the "Principals") of Nat's Garden.

16.　　Harisiadis and Sukru each had a duty to ensure that Nat's Garden fulfilled its duties as a PACA trustee, and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient PACA Trust Assets available to satisfy all outstanding PACA trust

obligations, such as that owed to Plaintiff, as they became due.

17. Harisiadis and Sukru each had full knowledge and responsibility for the handling of Nat's Garden's duties as trustees of the PACA trust.

18. Harisiadis and Sukru controlled or had a duty to control Nat's Garden's operations and financial dealings, including those involving the PACA Trust Assets.

19. Nat's Garden breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

20. Harisiadis and Sukru breached their respective fiduciary duties to direct Nat's Garden to fulfill its duties as PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce supplied to Nat's Garden.

21. As a direct result of the breaches of fiduciary duties by Harisiadis and Sukru, Plaintiff has incurred damages in the amount of $4,375.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

22. Harisiadis and Sukru are personally liable to Plaintiff for their breaches of fiduciary duties in dissipating the PACA trust to the extent of $4,375.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust

Assets.

23. Accordingly, Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against Harisiadis and Sukru - jointly and severally - in the amount of $4,375.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT II

### DEFENDANTS – HARISIADIS AND SUKRU

### CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

24. Plaintiff re-alleges paragraphs 1 through 23.

25. Upon information and belief, Nat's Garden transferred PACA Trust Assets to Harisiadis and Sukru.

26. These transfers of PACA Trust Assets were made in breach of the PACA trust.

27. Harisiadis and Sukru continue to hold any and all PACA Trust Assets having come into their individual possession as trustees for Plaintiff's beneficial interest in the PACA trust.

28. As a direct result of Harisiadis' and Sukru's receipt and retention of PACA Trust Assets, Plaintiff has incurred damages in the amount of $4,375.00, plus interest from the date each invoice became past due, costs and

attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

29. Accordingly, Plaintiff seeks entry of an Order requiring Harisiadis and Sukru to disgorge and transfer any and all PACA Trust Assets that come into their possession and control to Plaintiff to the extent of $4,375.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT III

## DEFENDANTS – HARISIADIS AND SUKRU

## FRAUDULENT TRANSFER

§740 ILCS 160/1, *et. seq.* (2007)

30. Plaintiff re-alleges paragraphs 1 through 29.

31. Upon information and belief, Nat's Garden transferred assets to Harisiadis, Sukru, and to other unknown third parties.

32. These transfers were made after the claims of Plaintiff and other PACA trust beneficiaries arose.

33. These transfers were made to or for the benefit of insiders of Nat's Garden on antecedent debts and were made without consideration.

34. Nat's Garden was insolvent at the time of these transfers.

35. At the time of these transfers, the recipients had reasonable

cause to believe that Nat's Garden was insolvent.

36. These transfers were fraudulent transfers as proscribed by Illinois' Uniform Fraudulent Transfers Act, §740 ILCS 160/1, *et. seq.* (2007).

37. Accordingly, Plaintiff seeks entry of an Order avoiding the transfers, as provided by §740 ILCS 160/8, ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff to the extent of $4,375.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and awarding punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

**FOR THESE REASONS,** Plaintiff respectfully requests the entry of an Order providing as follows:

A) As to Count I, entering judgment in favor of Plaintiff and against Harisiadis and Sukru - jointly and severally - in the amount of $4,375.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets;

B) As to Count II, requiring Harisiadis and Sukru to disgorge and transfer any and all PACA Trust Assets that came into their possession and control to Plaintiff in the amount of $4,375.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets;

C) As to Count III, pursuant to §740 ILCS 160/8, avoiding the transfers and ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff in the amount of $4,375.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the

trier of fact, less any monies Plaintiff receives from the PACA Trust Assets; and

D) Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Respectfully submitted on this 16th day of May, 2008.

**MEUERS LAW FIRM, P.L.**

By: /s/ Steven M. De Falco
Steven M. De Falco, Esq.
Ill. Bar No. 6281265/
Fla. Bar No. 0733571
5395 Park Central Court
Naples, FL   34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
sdefalco@meuerslawfirm.com

*Attorneys for Plaintiff, Evergreen International, Inc.*

AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

EVERGREEN INTERNATIONAL, INC., an
Illinois corporation,

   Plaintiff,

              V.

NICHOLAS HARISIADIS, an individual, and ERROL
SUKRU, an individual,

   Defendants.

CASE NUMBER:  08 C 2350

ASSIGNED JUDGE:   MILTON I. SHADUR

DESIGNATED
MAGISTRATE JUDGE:  MORTON DENLOW

TO: (Name and address of Defendant)
ERROL SUKRU
5855 N. Sheridan Road
Chicago, IL  60660

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Steven M. De Falco
Meuers Law Firm, P.L.
5395 Park Central Court
Naples, FL  34109
Tel:  (239) 513-9191

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

(By) DEPUTY CLERK                                                                                                    DATE

AO 440  (Rev. 05/00)  Summons in a Civil Action

| RETURN OF SERVICE |
|---|

| Service of the Summons and complaint was made by me [1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

| STATEMENT OF SERVICE FEES |||
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____  _____
                   Date                                *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

EVERGREEN INTERNATIONAL, INC., an
Illinois corporation,

   Plaintiff,

              V.

NICHOLAS HARISIADIS, an individual, and ERROL
SUKRU, an individual,

   Defendants.

CASE NUMBER: 08-C-2350

ASSIGNED JUDGE: MILTON I. SHADUR

DESIGNATED
MAGISTRATE JUDGE: MORTON DENLOW

TO: (Name and address of Defendant)
NICHOLAS HARISIADIS
1208 Santa Anita Drive
Hanover Park, IL  60133

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Steven M. De Falco
Meuers Law Firm, P.L.
5395 Park Central Court
Naples, FL  34109
Tel:  (239) 513-9191

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

(By) DEPUTY CLERK                     DATE

AO 440 (Rev. 05/00) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
  Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
            Date                      *Signature of Server*

                                      _____
                                      *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.